SNEAD & COMPANY, complainant-respondent,

*v.*

LOCAL NO. 7, INTERNATIONAL MOLDERS' UNION OF NORTH AMERICA et al., defendants-appellants.

[Argued May 25th, 1928.   Decided October 15, 1928.]

On a bill to enjoin the defendant union from picketing the complainant's plant and molesting or intimidating its employes, the defendant's contention that the order enjoining picketing, except as prescribed in the order, was error, on the ground that picketing where no strike existed was not unlawful, that the picketing conducted by the defendant was peaceful, and that the complainant suffered no injury and was not threatened with injury, *held*, without legal merit.

On appeal from an order of the court of chancery.

*Mr. Samuel Tartalsky,* for the appellants.

*Mr. Merritt Lane,* for the respondent.

PER CURIAM.

The respondent is in the business of making castings.

The Standard Gas Equipment Company uses castings and

formerly made its own but finally shut down its casting and molding plant in Jersey City and purchased its castings. It placed such an order with the respondent, and men formerly employed by the Standard Gas Equipment Company immediately began to picket the plant of the respondent, urging that its molders should join the union. This continued from April 10th, 1927, down to the filing of the bill of complaint on June 6th, 1927. The bill prays that the defendants be enjoined from picketing the plant and persuading, molesting, intimidating, &c., the employes of the complainant-respondent.

After a hearing upon bill and affidavits and answering affidavits an order for a preliminary injunction was advised and such order entered on July 20th, 1927.

This order provides that the defendants-appellants be restrained from—

(a) "Further persuading, soliciting or attempting to persuade or solicit any person employed by the complainant on July 5th, 1927, either to join the union or leave complainant's employ, and from soliciting, molesting or following the present employes of complainant.

(b) "Addressing persons willing to be employed by complainant against their will, with a view of persuading them to refrain from such employment.

(c) "Loitering or picketing at or near the place of business or in the streets, highways or public places near the premises of complainant for the purpose or with the intent to annoy, molest or frighten any employe of complainant.

(d) "Picketing the place of business of complainant except as hereinafter provided.

(e) "Ordering, commanding, directing, assisting, aiding or abetting any person attempting to commit any of the aforesaid acts."

Such order further provides that as to paragraphs b and d, above stated, the defendant, Local Union No. 7, may have not more than four pickets to be designated by it "and a record kept thereof, and of the dates and hours and places of service and the correct names and addresses of the men so engaged, to

which this court shall have access, if it shall so demand, who may picket the complainant's plant between the hours of five P. M. and six P. M.; said pickets shall keep separate by at least a block from each other and one may be stationed at the Pacific avenue station of the Central Railroad of New Jersey; one on Whiton street, north of said railroad tracks; one on Pine street, north of said railroad tracks, and the fourth on Halliday street, north of said tracks or at any other point a block away from the other pickets and not nearer than two hundred feet from complainant's plant."

From this order the defendants below appeal and urge a reversal upon the ground that picketing where no strike exists is not unlawful and that the picketing conducted by the defendants was peaceful and the complainant suffered no damage or injury nor was any threatened.

The learned vice-chancellor who heard the matter and advised the order complained against found against the appellants upon the facts and we concur in his findings.

The questions of law raised upon this appeal we find to be without legal merit as applied to the facts, and therefore the decree appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, McGLENNON, KAYS, DEAR, JJ.   13.

*For reversal*—None.